### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

AGNES MARTIN on behalf of her mother,
LUGARDA LUJAN and BERTHA LUDY
on behalf of her mother CONSUELA QUINTANA,
individually and on behalf of all others similarly situated,

       Plaintiffs,

       vs.                                           No. CIV 00-0135 JC/WWD

STATE OF NEW MEXICO, ROBIN OTTEN, Secretary
Designate of the State of New Mexico Human
Services Department, and ROSS BECKER,
Acting Director of the Human Services Department
in their official capacities,

       Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant State of New Mexico's Motion to Dismiss, filed March 30, 2000 *(Doc. 6)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that the motion is well taken and will be **granted**.

**I. Background**

The plaintiffs, members of a putative class of New Mexico smokers who are Medicaid recipients that have been treated for smoking-related illnesses, bring this action for declaratory and injunctive relief against officers of the State of New Mexico. Plaintiffs seek a portion of New Mexico's proceeds of the 1998 multi-state settlement with the tobacco companies.

Plaintiffs claim that under 42 U.S.C. § 1396a(a)(45) recipients of Medicaid have assigned their right to recover medical care expenses to the New Mexico Human Services Department, the state administering agency of Medicaid. Therefore, Plaintiffs argue that New Mexico was obligated to recover medical expenses for individual Medicaid recipients' smoking-related problems when it settled with the tobacco companies. Furthermore, Plaintiffs argue that they cannot now seek their own recovery against the tobacco companies, because the settlement between the tobacco companies and the states, including New Mexico, released all of Plaintiffs' potential claims. Plaintiffs claim that 42 U.S.C. § 1396k(b), which governs distribution of any monetary collection by a state from third parties for Medicaid expenses paid on behalf of individual Medicaid recipients of that state, requires that New Mexico pay Plaintiffs any amount over the actual cost to the state for its payment of Medicaid expenses. Therefore, Plaintiffs claim a portion of New Mexico's tobacco settlement belongs to them by operation of federal Medicaid law, and by not distributing this claimed portion to Plaintiffs, Defendants are not compliant with federal law.

Defendants, officers of the New Mexico Human Services Department, raise several defenses in their Motion to Dismiss: (1) the Eleventh Amendment bars Plaintiffs' suit in federal court, because Plaintiffs are suing the state, not individual officers, for damages; (2) this court should abstain from exercising jurisdiction in an ongoing state litigation under the *Younger* Abstention doctrine; and (3) Plaintiffs fail to state a claim for which relief can be granted. *See* Defendant State of New Mexico's Motion to Dismiss, filed March 30, 2000 *(Doc. 6)*.

## II. Analysis

### A.     Eleventh Amendment

Eleventh Amendment jurisprudence establishes that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another state." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). However, courts have recognized an exception to Eleventh Amendment immunity in three situations: (1) where the state has consented to suit; (2) where Congress has explicitly abrogated the state's immunity; and (3) where *Ex parte Young*, 209 U.S. 123 (1908), and its progeny are applicable. *See MCI Telcoms. Corp. v. PSC*, 216 F.3d 929, 935 (10th Cir. 2000). In this case, Plaintiffs argue that the *Ex parte Young* exception applies. *See* Plaintiffs' Response to Motion to Dismiss, filed May 19, 2000 *(Doc. 8)*.

Under *Ex parte Young*, the Eleventh Amendment does not bar a suit by a citizen against a state when the state is not the substantial party in interest. *See Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). A suit brought against state officials is in essence a suit against the state itself when the plaintiff seeks damages for past harm, which will inevitably be paid out of state funds. *See Edelman*, 415 U.S. at 666-67. On the other hand, a state is not the substantial party in interest where suit is brought seeking an injunction against state officials to conform their official conduct in the future to the Constitution or federal law. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 268-69 (1997). Furthermore, such prospective injunctive relief is not barred by the Eleventh Amendment if the future consequences of the injunction required payment of money from the state's treasury, so long as the payment has "an ancillary effect on the state treasury." *Edelman*, 415 U.S. at 668. In most cases in which *Ex parte Young* has applied, the primary relief ordered by the court has been injunctive, requiring future compliance by state officials with the Constitution or

federal law. *See, e.g., Papisan v. Allain*, 478 U.S. 265 (1986)(holding that *Ex parte Young* permitted injunctive relief in equal protection challenge to state's distribution of public school land funds, because the expenditure of state funds that might accompany the injunction did not amount to an award for monetary liability); *Edelman v. Jordan*, 415 U.S. 651 (1974) (holding that where class of aid recipients sued state officials for violation of federal law governing aid program, *Ex parte Young* applied to allow injunctive relief requiring future compliance with laws governing program, but did not allow an award of retroactive benefits).

By framing the relief sought as an "accounting"against the state and a "declaration of rights" under the tobacco settlement, Plaintiffs attempt to take advantage of the *Ex parte Young* exception to Eleventh Amendment immunity by artfully pleading injunctive rather than damages relief.  *See* Plaintiffs' Response to Motion to Dismiss, filed May 19, 2000 *(Doc. 8)*.  Plaintiffs argue that their suit simply seeks to compel officials of the New Mexico Human Services Department to comply with federal law by distributing the funds of the tobacco settlement, which will be paid to New Mexico in future installments, according to 42 U.S.C. § 1396k(b).  *Id.*   In effect, Plaintiffs claim they are intercepting the tobacco settlement installments before they reach the state, and therefore  Plaintiffs are not seeking damages paid out of state-owned funds.  *Id.*

The Court finds that Plaintiffs' argument is not well taken.  Plaintiffs' suit is nothing more than a claim for damages against the State of New Mexico for past harm, because they specifically lay claim to a portion of the tobacco settlement proceeds which are in fact owned by the State of New Mexico.  The tobacco settlement fixed the rights of the parties, the states and the tobacco companies, at the time the settlement was made, and it is irrelevant that the money has not yet been deposited in

the state treasury. It is New Mexico's money now, regardless of when the payments will be made, and Plaintiffs cannot sequester portions of the installment payments prior to deposit in the state treasury. Therefore, because Plaintiffs are in effect suing the State of New Mexico for damages to be paid out of state-owned funds, the Eleventh Amendment bars Plaintiffs' suit in federal court. *See, e.g., Floyd v. Thompson*, 111 F. Supp.2d 1097, 1101 (1999)(dismissing similar claims against officials of Wisconsin on Eleventh Amendment grounds), *aff'd on other grounds*, No. 99-3706, 2000 U.S. App. Lexis 23485 (7th Cir. Sept. 19, 2000); *accord Barton v. Summers*, 111 F. Supp.2d 989, 991-92 (M.D.Tenn. 2000)(following *Thompson* court reasoning that the tobacco settlement fixed the rights of the parties, and therefore the settlement funds were owned by the state at the time of the settlement, and thus plaintiff smokers were barred by Eleventh Amendment from suit in federal court to share in the proceeds of that settlement).

### B. *Younger* Abstention and failure to state a claim for which relief can be granted

Because the Eleventh Amendment bars the Plaintiffs' suit in federal court, the Court need not address Defendants' *Younger* Abstention and 12(b)(6) failure to state a claim arguments.

### III. Conclusion

Plaintiffs' suit is barred in federal court by the Eleventh Amendment. Although Plaintiffs argue that this suit seeks injunctive relief by requiring state officials to comply with federal law, the actual remedy sought is in fact an award of damages against the State of New Mexico. Under the Eleventh Amendment, such a suit cannot be litigated in this Court, and therefore Defendants' Motion to Dismiss will be granted.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, filed March 30, 2000 *(Doc. 6)* is **granted**.

DATED this 9th day of November, 2000.

*John Edwards Conway*
_____
**UNITED STATES DISTRICT JUDGE**

Attorneys for Plaintiffs:

    Philip C. Gaddy, Esq.
    Gaddy & Hall
    Albuquerque, New Mexico

    Robert Ortiz, Esq.
    Glass & Quintana
    Albuquerque, New Mexico

    John C. Cabaniss, Esq.
    Milwaukee, WI

Attorney for Defendants:

    John H. Clough,
    Assistant Attorney General of New Mexico
    Albuquerque, New Mexico